BALLSTON TERMINAL RAILROAD COMPANY, Respondent, *v.* HUDSON
VALLEY RAILWAY COMPANY, Appellant.

*A verbal agreement by the attorney of one street railway with the vice-president of
another street railway as to a crossing — it does not bind the corporation —
execution of a written instrument — when not evidence of action by a board of
directors.*

A verbal agreement made by the attorney for one street railway company with
the vice-president of another street railway company, permitting the former
railway company to construct a crossing over the tracks of the latter, is not
binding upon the latter corporation.

*Semble,* that, in order to be binding, such a verbal agreement must be made with
the board of directors of the corporation.

An instrument purporting to grant such a consent, which is signed only by the
vice-president of the corporation and has not the corporate seal attached, the
body of which expressly contemplates that it shall also be signed by the secre-
tary and be attested by the corporate seal, cannot be accepted as evidence of
an act of the board of directors of the corporation.

APPEAL by the defendant, the Hudson Valley Railway Company,
from an order of the Supreme Court, made at the St. Lawrence
Special Term and entered in the office of the clerk of the county
of Saratoga on the 24th day of June, 1902, enjoining the defendant
from constructing a crossing over the plaintiff's street railway tracks
in the village of Ballston Spa during the pendency of the action.

*Thomas O'Connor,* for the appellant.

*Edgar T. Brackett,* for the respondent.

KELLOGG, J.:

The injunction granted herein was a proper exercise of discretion
unless it satisfactorily appeared to the court that appellant had pro-
cured a consent to such crossing which is binding on the plaintiff.
The complaint alleges that no consent was given.  So also does the
affidavit of Frederick A. Beach, the vice-president of the plaintiff.
The answer alleges a consent, both verbal and written.  The affi-
davit of Thomas O'Connor states that he made a verbal agreement
with Vice-President Beach, but not with the company — or other
officers of the company — and a few days thereafter the said vice-
president handed him a paper with his signature as vice-president,
but no seal of the corporation was attached, and the signature of

the secretary was lacking, though a place for such signature appeared upon the paper, and also an affidavit for the secretary to make, which does not appear to have been made. This paper appears attached to the answer, and again appears attached to the affidavit of O'Connor. Both of these show the same defects and incompleteness of execution. The body of the instrument expressly contemplates that it shall be executed by the secretary, and have the corporate seal attached, which is usually in the custòdy of the secretary of a corporation, before the instrument can be deemed to be executed or be *prima facie* evidence as the act of the directors of the corporation. This paper cannot be accepted in this condition as evidence of a corporate act. A verbal agreement made with any other than the board of directors in such a matter cannot bind the corporation.

We think the injunction order was properly granted, and the order is affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.